OPINION
Terry R. Dingus, defendant-appellant, was convicted in 1992 of one count of rape and eight counts of sexual battery, and sentenced accordingly. Appellant has remained in prison since that time. Following the enactment of Ohio's sexual predator laws and pursuant to R.C. 2950.09(C), the Ohio Department of Rehabilitation and Correction recommended to the trial court that appellant be adjudicated a sexual predator. After a hearing before the Franklin County Court of Common Pleas, appellant was found by clear and convincing evidence that he should be adjudicated as a "sexual predator."
Appellant appeals, asserting the following assignment of error:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
Appellant was in his early thirties when he began having sex with his twelve-year-old stepdaughter. A few days before her thirteenth birthday, he took her virginity by forcing her to have sexual intercourse. Appellant continued to engage in sexual intercourse with his stepdaughter about three to four times per week until she moved out of the house when she was eighteen years old. According to the victim, appellant manipulated her in numerous ways and, in effect, turned their relationship from a stepfather/guardian situation, when she moved in with him after a divorce when she was still twelve years old, to what was essentially a spousal relationship, trying to justify their relationship on "love" grounds.
The proof offered came from two exhibits. The first exhibit was a transcript of the victim's testimony at trial of the case in the common pleas court, and the second exhibit was a copy of the presentence investigation.
Appellant was called to the witness stand and admitted he had been convicted of wrongful influence of a minor in 1969, and aggravated trafficking in 1977. Appellant stated that he had not yet participated in counseling programs for sex offenders, but said that he had been on the waiting list for a program for five years because he believed participation in the program was necessary if he was to obtain parole. Appellant did not consider himself to be a sexual predator.
Much of the argument of appellant revolves around the contention that he was innocent of the charges; however, that determination has been made by a jury and affirmed on appeal, so it is not an issue in this determination.
A "sexual predator" is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
Appellant strenuously argues that a determination of future propensity to commit additional sex offenses cannot be made solely upon evidence of what occurred in the underlying offense. We have rejected that contention on several occasions recently where the appellant was in a guardianship situation with a minor and who committed numerous offenses over a period of time.
In State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported, we pointed out that, although the standard for finding someone to be a sexual predator looks toward the defendant's propensity to engage in future behavior, a trier of fact can look at past behavior as well, since past behavior is often an important indicator of future propensity. Under R.C.2950.09(B)(2), the trial court can consider all relevant factors in determining future propensity.
In King, supra, we also pointed out that a defendant's willingness to exploit persons who are relatively defenseless and in the guardianship or custody of the defendant, indicate a strong danger that defendant will seek to exploit similarly defenseless children in the future. We noted that it is virtually undisputed that there is a high potential of recidivism among sex offenders whose crimes involve the exploitation of young children.
In State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, affirmed (1998), 84 Ohio St.3d 12, we stated that the risk of recidivism must be viewed as considerable if it involves an offender who has disregarded the universal legal and moral reprobation against sex with young children.
In summary, the reprehensible nature of the acts, the frequency with which they occurred, the exploitation of the victim starting at twelve years old and the position of trust in that the victim was his stepdaughter, all mitigate strongly in favor of a finding that appellant is quite likely to be a recidivist who will repeat these types of acts. It is particularly disturbing that appellant used an abominable definition of love to support his actions, and even manipulated her using religious arguments to overcome her moral feelings about the nature of the relationship.
See, also, State v. Victurine (Mar. 30, 2000), Franklin App. No. 98AP-1078, unreported.
We reject appellant's contention that the evidence was legally insufficient to support the trial court's finding that he was a "sexual predator" by clear and convincing evidence. When reviewing the sufficiency of the evidence to support a conviction, an appellate court must review the record to determine "whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The same principle applies when it is the judge considering the facts. As in each instance, the standard of review to be applied in a sufficiency analysis is as follows: "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." See Jenks, supra.
Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _______________ McCORMAC, J.
TYACK and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.